UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

          v.

Gary Richard Auginash, Jr. and
Stanley Richard Cook,

        Defendants.

**AMENDED MEMORANDUM
OPINION AND ORDER**

Criminal No. 17-51 ADM/LIB

_____

Clifford B. Wardlaw, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff
United States of America.

James S. Becker, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of
Defendant Gary Richard Auginash, Jr.

Aaron J. Morrison, Esq., Wold Morrison Law, Minneapolis, MN, on behalf of Defendant Stanley
Richard Cook.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Gary Richard Auginash, Jr.'s ("Auginash") Objection [Docket No. 71] and Defendant

Stanley Richard Cook's ("Cook") Objection [Docket No. 72] to Magistrate Judge Leo I.

Brisbois' June 14, 2017 Report and Recommendation [Docket Nos. 69, 70] ("R&R").  In the

R&R, Judge Brisbois recommends denying Auginash and Cook's motions to dismiss for pre-

indictment delay [Docket Nos. 35, 44].[1]  After a de novo review of the record, and for the

reasons stated below, the Objections are overruled and the R&R is adopted.

---

[1] The R&R also recommends granting Cook's Motion to Suppress Statements [Docket
No. 34].  No objections have been filed to this portion of the R&R.

## II.  BACKGROUND

On March 7, 2017, Auginash and Cook (collectively, "Defendants") were charged by Indictment [Docket No. 1] with one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 2, 113(a)(3), 1151, and 1153(a), and one count of discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), 113(a)(3), 1151, and 1153(a).

The charges arose from a June 21, 2014 incident that allegedly occurred on the Red Lake Indian Reservation in Minnesota.  Indictment at 1.  At about midnight that evening, a female called tribal police to report that individuals in a maroon SUV had shot at her house located in the Circle Pines area of the reservation.  Hr'g Tr. [Docket No. 67] at 14–15.  The caller provided the police with the vehicle's Red Lake license plate number, which listed to JR Auginash.  Id. at 14–15, 46.

Red Lake Police Sergeant Harlan Johnson ("Sgt. Johnson") responded to the call by driving west on Highway 1 toward Circle Pines.  Id. at 14–15.  While en route to the location of the shooting, he saw a vehicle driving east on Highway 1 that matched the description and license plate number that the caller had given.  Id.  Sgt. Johnson made a U-turn, began following the vehicle, and engaged his emergency lights for a traffic stop.  Id. at 15–16, 31.  In the short time he was driving behind the SUV, Sgt. Johnson observed it swerving and crossing the fog line.  Id. at 16, 31–32.  When the SUV stopped, Sgt. Johnson pulled directly behind it and Officer Bialke, driving a separate vehicle, parked his squad car behind Johnson's.  Id. at 17, 29–30.

26, 36.

The officers performed a felony stop. Id. at 17, 32. The occupants of the vehicle, later identified as Defendants Auginash and Cook, were ordered to exit the vehicle. Id. at 18–19, 21. Both Defendants exhibited signs of intoxication, including smelling of alcohol, slurring their speech, and staggering when walking. Id. at 19–22, 24, 32–36, 38–42. Sgt. Johnson arrested Auginash, the driver, for DUI and arrested Cook for public nuisance. Id. at 23, 26, 42. Sgt. Johnson observed a box of beer containing some unopened beer cans, a shotgun, and some 12-gauge casings in the SUV. Id. at 28, 33–34. The firearm and 12-gauge casings were seized from the vehicle and were later logged into custody of the Red Lake Police Department. Id. at 49.

Sgt. Johnson then went to the residence where the shooting had reportedly taken place. Id. at 45. There he recovered some shotgun shell waddings which he placed in Ziploc bags provided to him by the home's residents. Id. Sgt. Johnson also recovered some metal particles at the scene. Id. at 49. The firearm, shotgun casings, waddings and metal fragments were logged into tribal custody. Id. at 49–50.

The day after the incident, an Auginash family member, the purported owner of the firearm, sought and obtained a tribal court order for the return of the firearm. Id. at 49. Pursuant to the tribal court order, the shotgun was returned to the Auginash family and is no longer in Red Lake Police Department custody. Id. The 12-gauge casings and the wadding remain in tribal custody, but the metal particles collected from the scene can no longer be located. Id. at 49–50.

Charges related to the incident were initially filed in Red Lake Tribal Court but were later dismissed in 2014 in favor of federal prosecution. Auginash Mem. Supp. Mot. Dism. [Docket No. 61] at 2. The case was then assigned to a special agent for the Bureau of Indian Affairs ("BIA"). Hr'g Tr. at 50. When that agent left the BIA, the case was transferred to a

3

special agent for the FBI.  Id.  The case was reassigned to a second FBI special agent after the

first agent received a position transfer.  Id.  Defendants were federally indicted in March 2017,

nearly three years after the events of June 21, 2014.

Both Defendants moved to dismiss the Indictment due to pre-indictment delay, arguing

the delay violated their Fifth Amendment right to due process.  The R&R recommends denying

the motions due to Defendants' failure to show actual and substantial prejudice resulting from

the delay.  Both Defendants have filed Objections to the R&R.

### III.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall

make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn.

L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.

"[W]hile statutes of limitations provide the primary guarantee against delay prior to

indictment or arrest, the due process clause of the Fifth Amendment does play a limited role in

protecting against oppressive delay."  United States v. Jackson, 446 F.3d 847, 849 (8th Cir.

2006).  To establish a due process violation for a pre-indictment delay that does not violate the

statute of limitations,[2] a defendant "must overcome a high hurdle."  Id.  The defendant bears the

burden of showing that:  (1) the delay resulted in actual and substantial prejudice to his defense;

and (2) the government intentionally delayed the indictment to gain a tactical advantage or to

harass the defendant.  Id.; United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002); United

---

[2] The general statute of limitations for non-capital federal offenses is five years.
18 U.S.C. § 3282(a); United States v. Edwards, 159 F.3d 1117, 1128 (8th Cir. 1998).

States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000).

"To prove actual prejudice, the defendant must identify witnesses or documents lost during the period of delay, and not merely make speculative or conclusory claims of possible prejudice caused by the passage of time." Sprouts, 282 F.3d at 1041. The defendant must also "relate the substance of the testimony which would be offered by the missing witness or the information contained in lost documents in sufficient detail to permit a court to assess accurately whether the information is material to the accused's defense." United States v. Bartlett, 794 F.2d 1285, 1290 (8th Cir. 1986). Finally, the defendant must also show that the missing testimony or information is not available through other means. Id.; Jackson, 446 F.3d at 851; Sprouts, 282 F.3d at 1041. If the defendant fails to establish actual prejudice, it is not necessary for the court to consider the reason for the delay. Sprouts, 282 F.3d at 1041; Bartlett, 794 F.2d at 1293.

Defendants argue that they have suffered actual and substantial prejudice because the firearm recovered from Defendants' vehicle was returned to its owner shortly after the alleged shooting and cannot now be tested for fingerprints, DNA, and ballistics. This argument fails for several reasons. First, the return of the firearm was not the result of action by federal authorities. Rather, the shotgun was returned to Auginash's family by the Red Lake Police Department pursuant to a tribal court order issued shortly after the incident. Thus, any ability to forensically analyze the firearm for fingerprints or DNA would have been lost soon after the shooting and was not occasioned by the delay in federal Indictment. Second, the firearm was returned to the Auginash family. Access to the firearm for ballistic testing to determine whether it is consistent with wads recovered at the scene or actual damage to the house is arguably equally available to the Government and Defendant Auginash at this point. Third, Defendants do not articulate how

the absence of DNA and fingerprint testing of the firearm impairs their ability to present a

defense.  Neither Defendant argues that testing would have shown the absence of their DNA or

fingerprints on the shotgun.  Significantly, Auginash has stated in an interview with tribal and

federal authorities that both he and Cook both used the firearm during the day on June 21, 2014,

first when drinking and shooting at a firing range and later when shooting at least four road signs

while Auginash was driving.  See Auginash Obj. at 6.

Auginash also argues that the delay has resulted in actual and substantial prejudice

because unused shotgun shells recovered by Sgt. Johnson from Auginash's vehicle can no longer

be located.  This argument is not supported by the record before the Court.  At the hearing on

Defendants' motion to dismiss, Sgt. Johnson testified that he found alcohol, a shotgun, and

"some 12-gauge casings" in Auginash's vehicle.  Hr'g Tr. at 28.  Counsel for the Government

stated at the hearing that the Red Lake Police has custody of "the ammunition that was seized

from the vehicle."  See Tr. at 49–50 ("I was able to learn from Red Lake that they still had

physical evidence in their custody that had not been handed over to the federal government.  So

the ammunition is still there and two wads. . . . So the only thing that's missing . . . [is] metal

particles that were collected at the scene. . . . We do have the wads, and we do have the

ammunition that was seized from the vehicle, and [we are] still looking for the metal particles,

and the shotgun has been returned.").  Thus, Defendants will be able to examine ammunition that

was seized from the vehicle.[3]

---

[3] In the R&R, Judge Brisbois noted that although Auginash's Memorandum in Support of
Motion to Dismiss [Docket No. 61] states that a "box of unused shotgun shells" was recovered
from Auginash's vehicle and has not been accounted for, there is no indication in the record
before the court that a box of unused shotgun shells was recovered.  See R&R at 10 n.3.  In his
Objection, Auginash again fails to cite to evidence in the court record for his assertion that Sgt.
Johnson seized a box of unused shotgun shells from his vehicle.  See Auginash Obj. at 4–5.

Auginash further argues that he is prejudiced because metal particles recovered from the scene of the reported shooting have been lost, and he is consequently unable to test the particles to show that they could not have come from the gun and do not match the ammunition recovered from his vehicle.  Auginash's argument merely suggests that if the metal particles were available, they might provide exculpatory evidence.  This speculative claim fails to clear the "high hurdle" of proving actual and substantial prejudice.

Auginash also argues that because the Government took nearly three years to bring the Indictment, the defense can no longer:  (1) return to the shooting range to recover to recover any wads and show they do not match those found near the Circle Pines home, or (2) show that the holes in the road signs shot by Defendants do not match the bullet holes in the Circle Pines home.  However, Auginash does not explain how he could have ensured that any wads found at the firing range even days after the incident came from the firearm he was using rather than those of other firing range users.  Nor does Auginash specify if or when the damaged road signs were replaced.  Even if Auginash had shown that the damaged road signs no longer exist, his inability to analyze them does not rise to the level of substantial prejudice.  Thus, Auginash has failed to prove actual and substantial prejudice based on the inability to collect shell waddings or analyze damaged road signs.

Auginash also argues that the passage of time has eroded witness' memories, making it difficult to reconcile inconsistent statements and causing exculpatory testimony by potential witnesses to be undermined.  This argument fails because speculative claims about possibly weakened memories of witnesses are not sufficient to satisfy the element of actual and substantial prejudice.  Jackson, 446 F.3d at 852.  Auginash also argues that, "[t]o date," the

defense has been unable to locate or interview the individual who reported the shooting of her

residence.  Auginash Obj. at 7.  Auginash provides no details regarding his efforts to locate the

witness or the reason she cannot be located, and has not shown that her missing testimony would

not be available through other means.  Thus, he has not satisfied his burden of proving actual or

substantial prejudice resulting from his present inability to locate the witness.  The deficiencies

to witness credibility and availability caused by delay are likely to plague the Government even

more than the defense given the Government's burden of proof at trial.

For the above reasons, Defendants have failed to carry their burden of proving that the

pre-indictment delay has resulted in actual and substantial prejudice to their defense.  The

Objections to the R&R are overruled.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendant Gary Richard Auginash, Jr.'s Objection [Docket No. 71] to Magistrate Judge Leo I. Brisbois' June 14, 2017 Report and Recommendation [Docket No. 69] is **OVERRULED**;

2.  Defendant Stanley Richard Cook's Objection [Docket No. 72] is **OVERRULED**;

3.  The Report and Recommendations [Docket Nos. 69 & 70] are **ADOPTED**;

4.  Defendant Auginash's Motion to Dismiss for Prosecutorial Delay [Docket No. 44] is **DENIED**;

5.  Defendant Cook's Motion to Suppress Statements [Docket No. 34] is **GRANTED**; and

6.    Defendant Cook's Motion to Dismiss Indictment Due to Pre-Indictment Delay [Docket No. 35] is **DENIED**.


                                          BY THE COURT:


                                           s/Ann D. Montgomery
Dated: July 25, 2017.                     ANN D. MONTGOMERY
                                          U.S. DISTRICT JUDGE